Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7234 | **DATE** | SEP 4 2001 |
| **CASE TITLE** | Powell v. Advanta | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Powell's motion for class certification [Doc. 10-1] is granted pending this court's approval of an elaborated definition of the class that limits the transactions at issue to consumer loans as defined by TILA.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 10 2001 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP -7 PM 2:49 | date mailed notice | |
| dc(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| ROSIE LEE POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 7234 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| ADVANTA NATIONAL BANK, and ) | |
| ADVANTA MORTGAGE CORP., USA, ) | |
| ) | SEP 10 2001 |
| Defendants. ) | |

| | |
|---|---|
| EDWARD SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 5942 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| ADVANTA NATIONAL BANK, and ) | |
| ADVANTA MORTGAGE CORP., USA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Rosie Lee Powell ("Powell") and Edward Sims ("Sims") (collectively, "Plaintiffs") bring class action suits against Advanta National Bank and Advanta Mortgage Corp., USA (collectively, "Advanta"). Although Powell and Sims bring separate suits, they are related, and both cases were assigned to this Court based on relatedness. Because both parties advance

-1-

identical claims and the issues presented in their respective motions for class certification are also the same, this court addresses the two motions together.

Powell and Sims challenge Advanta's practice of failing to disclose that the lender is taking a security interest in personal property through a mortgage with a "1-4 Family Rider." Plaintiffs' complaint alleges that the Truth in Lending Disclosure Statements issued by Advanta violate the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, and its accompanying Regulation Z, 12 C.F.R. § 226.18. Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1640.

Federal Rule of Civil Procedure 23 permits a class action to be maintained if (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly or adequate protect the interests of the class. Fed. R. Civ. P. 23(a); Romaker v. Crossland, No. 94 C 3328, 1996 WL 254299 at *1 (N.D. Ill. May 10, 1996). In addition, the court must also find: (1) that the prosecution of separate actions by the individual class members would create a risk of inconsistent adjudications or substantially impair the abilities of other class members to protect their interests; (2) that the party opposing the class has acted or failed to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate for the class; or (3) that common questions of law or fact predominate over questions affecting only individual members and the class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); Romaker, 1996 WL 254299 at *1. The party seeking certification bears the burden of proving that its action is appropriate as a class action and that it

satisfies all of the requirements of Rule 23. Trotter v. Klincar, 748 F.2d 1177, 1184 (7th Cri. 1984).

Advanta's sole objection is that individual issues preclude the certification of a class, thus defeating the requirements of commonality, typicality, and predominance. Advanta correctly points out that business transactions are not subject to TILA. See 15 U.S.C. § 1603(1) (exempting "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes"). Thus, Advanta's argument goes, each putative class member must demonstrate that her loan qualifies as a consumer transaction, defined in TILA as a transaction:

> in which the party to whom credit is offered or extended is a natural person, and the . . . property . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purpose.

15 U.S.C. § 1602(h). Advanta insists that the putative class members must make individual showings that the primary purpose of the loan was personal and not commercial. This court disagrees. This court adopts the position taken by court in Romaker, which rejected an identical argument:

> Defendant argues that individual issues predominate because defendant was not required to make TILA disclosures to those who were borrowing to purchase multiple units for a business purpose. Since some class members whose loans contained the 1-4 Family Rider were borrowing for a business purpose, so the argument goes, defendant would be entitled to examine each class member on the question. However, this problem can be resolved simply by defining the class so as not to include those who were borrowing for a business purpose. To determine who should be excluded from the class on this basis, which would be shown by facts such as the number of days they intended to occupy the property per year, the parties can create a questionnaire to be sent to potential class members along with the class notification materials.

1996 WL 254299 at *2.

Advanta's concern, although legitimate, does not preclude class certification.[1] As long as the class is fashioned narrowly so as to include only those members who borrowed for consumer purpose as defined by TILA, the class may be preserved. The loan application on file with Advanta will indicate the purpose of the loan.[2] As noted in Romaker, questionnaires may be appropriate to determine the purpose of the loan. In the alternative, borrowers could be required to submit documentation showing the purpose of their loan as a prerequisite to sharing in any recovery. These protections will ensure that the class is comprised of those whose loans are subject to TILA. Accordingly, Plaintiffs are directed to submit an elaborated definition of the class so as to limit it to only those putative members whose credit extensions are governed by TILA as consumer transactions. With those limitations in place, the court finds that such a proposed class[3] satisfies the criteria for class certification as set forth in Fed. R. Civ. P. 23.

First of all, joinder of all members of the class would be impracticable. Counsel for Powell estimates that the class contains 500-600 members.[4] Advanta is a national lender which makes hundreds of loans each year in the Chicago area. The 1-4 Family Rider, the form that

---

[1] Advanta also seeks to cross-examine each putative class member prior to certification to determine whether the loan is for consumer purposes, but the court rejects such a proposition as too burdensome and intrusive upon absent class members.

[2] For example, the Uniform Residential Loan Application requires each borrower to state the purpose of the loan and whether the property will serve as the borrower's "primary residence." By law, these documents are required to be preserved and should be contained in each loan file.

[3] Plaintiffs are directed to submit to the court an elaborated definition of the proposed class so as to limit it to those whose claims will be governed by TILA.

[4] In fact, in their Response In Opposition to Sims's Motion for Class Certification, Advanta concedes that the numerosity requirement has been met. See Def. Resp. at 4.

Plaintiffs take issue with, is a standard document used throughout the mortgage industry for refinancing of multi-unit properties. Given Advanta's large volume of business, it may be reasonably inferred that the proposed class is sufficiently numerous. See In re VMS Securities Litigation, 136 F.R.D. 466, 473 (N.D. Ill. 1991) (noting that courts may make "common sense assumptions" in considering the numerosity requirement); Cox v. Joe Rizza Ford, Inc., No. 94 C 5688, 1996 WL 65994, at *7 (N.D. Ill. Feb. 9, 1996) (concluding from defendant's volume of business and use of standardized forms that numerosity requirement was satisfied).

Second, Plaintiffs' claims are typical of the claims of the class. A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the] claims are based on the same legal theory." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). By definition, the class members obtained a residential mortgage loan with an attached 1-4 Family Rider from Advanta and received a TILA Disclosure Statement that failed to disclose the security interest in the personal property. In other words, the class members allege that they were subject to the same wrongful practice and advance the same legal theory.

Third, Plaintiffs have demonstrated that they will fairly and adequately represent the class. Powell's and Sims's interests, which are identical to those of the class, are not antagonistic to those of the class, and they appear to be ligating vigorously on behalf of the class. Plaintiffs have appointed experienced and qualified counselors whose resumes reflect extensive trial experience, especially in the area of class action and consumer litigation.

Lastly, class certification is appropriate under Fed. R. Civ. P. 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual class

members. The alleged TILA violation is the same for each class member, as they all allege that Advanta's standard practice of issuing 1-4 Family Riders and taking a security interest in property without proper disclosure violated TILA. Moreover, a class action is the best method for litigating this claim. The recovery available to each class member is not so significant, making it cost-prohibitive to initiate individual actions. In view of the hundreds of potential class members, too, a class action offers the most efficient method in terms of conserving the resources of the court.

## Conclusion

For the foregoing reasons, Sims's and Powell's motions for class certification are granted pending this court's approval of an elaborated definition of the class that limits the transactions at issue to consumer loans as defined by TILA.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: **SEP 4 2001**